UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY M KEMP,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS INC.,<br><br>Defendant. | Case No. 24-cv-04257-SVK<br><br>**ORDER GRANTING MOTION TO DISMISS; GRANTING REQUESTS FOR JUDICIAL NOTICE**<br><br>Re: Dkt. Nos. 21, 22, 28 |

Plaintiff, a federal prisoner at the Holmes Correctional Institute in Bonifay, Florida, filed this pro se civil complaint against Meta Platforms, Inc. ("Meta"). Dkt. 1 at 1. Meta has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Dkt. 21. Plaintiff has filed an opposition, and Meta has filed a reply. Dkts. 26, 27. Meta has also filed two requests for judicial notice of documents filed in Plaintiff's prior lawsuit against it. Dkts. 22, 28.

For the reasons discussed below, Meta's motion to dismiss and requests for judicial notice are **GRANTED**, and the case is **DISMISSED** without leave to amend.

I.   **BACKGROUND**

Plaintiff alleges starting in September 2015, he created used the applications Facebook Messenger, Instagram Direct Messenger, and WhatsApp, all of which are owned by Meta, under several accounts on his phone and laptop computer. Dkt. 1 at 3, 8. He alleges he sent and received over 5,000 "private electronic communications" between September 2015 and June 2017, and 8,000 such communications (including 2000 phone calls, as well as messages and photos) between February 2018 and September 2021. *Id.* at 7-8. He alleges in June 2017, Meta developed a large language model ("LLM") that "'read' all of" the "private electronic communications" on Facebook Messenger, WhatsApp, and Instagram Direct Messenger. *Id.* at 3. Plaintiff also alleges

that in March 2018, at the direction of Meta's then-Chief Operating Officer, employees of Fair Labs developed an "Artificial Intelligence Machine ("AIM") that was integrated into" Facebook, Instagram, and WhatsApp. *Id.* at 5. He alleges the AIM "monitor[ed]"—and "invoke[d]" Meta's LLM to become "aware" of—the "private electronic communications" in these applications. *Id.* at 6. In addition to using the above applications for electronic communications, Plaintiff "purchased targeted Facebook ads" for his businesses. *Id.* at 7.

Plaintiff claims Meta violated the Stored Communications Act, 18 U.S.C. § 2702(a)(2), ("SCA") by allowing its LLM to "read" the 5000 private communications he made between September 2015 and June 2017. *Id.* at 9. He also claims Meta violated the Wiretap Act, 18 U.S.C. § 2511, and Article 1, Section 12 of the Florida Constitution, by allowing its AIM to "monitor" and "intercept" his "private electronic communications." *Id.* He alleges Meta performed the above actions to "give inferences for ad sales." *Id.*

Plaintiff previously filed a case against Meta in the United States District Court for the Middle District of Florida. *See Kemp v. Meta Platforms, Inc.*, No. 6:22-cv-00433-RBD-LHP (M.D. Fla. Feb. 28, 2022) (*Kemp I*); Dkt. 21-2, Ex. A.[1] The First Amended Complaint[2] alleged Meta, both as Facebook and as the "parent company" of WhatsApp and Instagram, engaged in the "improper use of Artificial Intelligence technology to intercept and misuse [his] electronic communications" between 2015 and 2021, in violation of the SCA, Florida Statute Section 815.06(2)(a), the Wiretap Act, and Florida Statute § 501.204 (Florida Deceptive and Unfair Trade Practices Act). Dkt. 21-2 at 10-11. The court screened the First Amended Complaint, dismissed it for failure "to state a claim on which relief may be granted" and granted leave to amend. *Id.* at 15, 24. Plaintiff's Second Amended Complaint alleged Meta and its "A.I. lab" "intentionally

---

[1] Meta's requests for judicial notice of the filings and orders in *Kemp I* (Dkts. 21-2, 22, 27-2, 27-3, 28) (filings and orders from *Kemp I*)) are **GRANTED**. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (federal courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts).

[2] In *Kemp I*, the court granted Plaintiff's request to amend his original complaint, which made similar allegations. *See* Dkt. 21-2 at 7; *see id.* at 3-4 (alleging "intercept[ed his] electronic communications" from his computer and "trained its Artificial Intelligence Mechanisms with the Plaintiffs photo taggings [sic] of others and himself in photos," in violation of the Wiretap Act and Florida law).

2

1 intercepted the electronic communications of its social media platform's users by … chat message
2 interception training given to an artificial intelligence machine," (*id.* at 28), in violation of the
3 Wiretap Act, RICO (18 U.S.C. § 1962), the Computer Fraud and Abuse Act (18 U.S.C. §§
4 1030(a)(6), 1030(c)(4)(A)(i)(I), and the Identity Theft Act (18 U.S.C. § 1028(a)(7).  The court
5 granted Meta's motion to dismiss, concluding Plaintiff "failed to state a claim on which relief may
6 be granted," and entered judgment in favor of Meta.  *Id.* at 94, 97.

## II. DISCUSSION

### A. Standard of Review

Failure to state a claim is grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dismissal for failure to state a claim is a ruling on a question of law.  *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted).  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.

Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Id.*

A pleading filed by a party unrepresented by counsel must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citations omitted).

### B.     Analysis

Meta argues Plaintiff's claims are barred under the doctrine of res judicata because he has already pursued his claims in *Kemp I*. The doctrine of res judicata, or claim preclusion, bars a party in successive litigation from pursuing claims that were raised or could have raised in a prior action. *Save Bull Trout v. Williams*, 51 F.4th 1101, 1107 (9th Cir. 2022). Claim preclusion applies where the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. *Id.* The party seeking to invoke claim preclusion bears the burden of establishing these elements. *Id.* There is no dispute that the parties in *Kemp I* and here are identical, i.e. Plaintiff and Meta. Accordingly, the Court addresses the other two elements of res judicata.

#### 1.     Same Cause of Action

"The central criterion" in determining whether the first and second suits involved the same cause of action is "whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir. 2000) (internal quotation marks omitted). The allegations here and in *Kemp I* clearly arise out of the same "transactional nucleus of facts." *Id.* In both cases, Plaintiff alleges Meta's AIM intercepted his private electronic communications on Meta's social media applications Instagram, Facebook, and WhatsApp, between 2015 and 2021. While he did not claim a violation of the Florida Constitution in *Kemp I*,[3] as he does here, this makes no difference to the res judicata analysis because res judicata applies to claims in a successive suit that *could have been* brought in the earlier suit but were not. *See Save Bull Trout*, 51 F.4th at 1107 (emphasis added). Because both *Kemp I* and the instant case "arise out of the same transactional nucleus of facts," they involved the same cause of actions for

---
[3] As described above, in *Kemp I,* Plaintiff did make the other two claims he makes here, under the SCA and the Wiretap Act.

1    purposes of res judicata.  *See Frank,* 216 F.3d at 851.

2         Plaintiff argues this case also alleges Meta improperly exposed his stored communications
3    in its LLM in violation of the SCA, which he did not allege in *Kemp I*.  Dkt. 26 at 8.  This
4    argument is not persuasive.  Here, Plaintiff alleges that from 2015 to 2017 Meta violated the SCA
5    by allowing its LLM to access his stored communications Dkt. 1 at 9 ¶ 30), and then once Meta
6    developed its AIM in 2018, the AIM "invoked" the LLM to access his communications stored
7    therein.  *Id.* at 6 ¶¶ 15, 17.  Plaintiff alleged these facts in *Kemp I* also.  Specifically, he alleged
8    Meta unlawfully "accessed" his "stored communication[s]" from "2015-21," which he claimed
9    violated the SCA.  Dkt. 21-2 at 11 (citing 18 U.S.C. § 2701).  He further alleged Meta used its
10   AIM to unlawfully access these stored communications.  *Id.* at 11, 28.  Plaintiff's allegations in
11   *Kemp I* that Meta unlawfully accessed his stored communications from 2015 to 2021, in part using
12   its AIM, constitute the "same transactional nucleus of facts" alleged here, namely that Meta
13   accessed his stored communications for its LLM from 2015 to 2017, and then from 2018 to 2021,
14   did so using its newly-developed AIM.  *See Frank,* 216 F.3d at 851.  Accordingly, Plaintiff's
15   argument is rejected.

### 2.    Final Judgment on the Merits

17        In addition to involving the same cause of actions Plaintiff brings here, *Kemp I* resulted in
18   a final judgment on the merits.  A dismissal for failure to state a claim upon which relief may be
19   granted is a final decision on the merits for purposes of res judicata.  *Stewart v. U.S. Bancorp*, 297
20   F.3d 953, 957 (9th Cir. 2002).  The dismissal must also be with prejudice.  *Semtek Int'l Inc. v.*
21   *Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001).

22        The court in *Kemp I* dismissed Plaintiff's claims in the first amended complaint for failure
23   to state a claim upon which relief may be granted did so again after Plaintiff's second attempt at
24   amendment, and entered judgment accordingly.  Plaintiff argues this dismissal in *Kemp I* was not a
25   "final judgment on the merits" for purposes of res judicata because the court did not specify the
26   dismissal was with prejudice.  This is wrong.  In *Stewart*, as here, the district court in the
27   plaintiff's first case granted a motion to dismiss under Rule 12(b)(6) for failure to state a claim
28   upon which relief may be granted without indicating whether the dismissal was with or without

5

prejudice. *See* 297 F.3d at 956. The Ninth Circuit looked to Federal Rule of Civil Procedure 41(b), which provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal ... other than a dismissal for *lack of jurisdiction,* for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." *Id.* (adding emphasis to language of Rule 41(b)). After determining none of the exceptions in Rule 41(b) applied, the Ninth Circuit concluded the prior dismissal was with prejudice and a final judgment on the merits for purposes of res judicata. *Id.* at 956-59.

The dismissal in *Kemp I* did not fall under the exceptions in Rule 41(b) because the court did not dismiss the case for lack of jurisdiction, improper venue, or failure to join a party under Rule 19. *See* Dkt. 21-2 at 18-23, 80-94. Rather, the court dismissed the case because the statutes Plaintiff cited did not provide a private right of action or, if they did, the allegations in the first and second amended complaints, when liberally construed in Plaintiff's favor, did not satisfy the cause of action's essential elements. *See* Dkt. 21-2 at 18-23, 80-94. As the dismissal in *Kemp I* does not fall under one of the exceptions in Rule 41(b), it is properly considered a dismissal with prejudice, as well as a final judgment on the merits for purposes of res judicata.

### 3. Conclusion

It is clear from the face of the complaint and judicially noticeable records that, even when liberally construed in Plaintiff's favor, his claims are barred under the doctrine of *res judicata*.[4]

### III. CONCLUSION

For the reasons described above, Meta's motion to dismiss and requests for judicial notice are **GRANTED**. The case is **DISMISSED** without leave to amend and with prejudice.

The clerk shall enter judgment and close the file.

**SO ORDERED.**

Dated: July 1, 2025

Susan van Keulen
United States Magistrate Judge

---

[4] In light of this conclusion, the Court need not address Meta's alternative arguments that the claims are untimely and fail to state a claim upon which relief may be granted.